**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-CR-20559-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

BRYAN DECASTRO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE is before the Court following an Order from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Bryan Decastro ("Defendant"). [ECF No. 16]. Based upon the change of plea hearing conducted on January 17, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.  Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3.  Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4.  Defendant indicated he was knowingly and voluntarily pleading guilty to Count 1 of the Information[1] filed in this case, which charges him with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349. [ECF No. 1]. I advised Defendant that the maximum statutory penalty the Court may impose as to Count 1 is a sentence of twenty (20) years' imprisonment, followed by a term of supervised release of up to three (3) years. I further advised Defendant that he is ineligible for probation, and that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the amount of loss attributable to the offense, an order for restitution, and a forfeiture judgment, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant acknowledged that he understood the possible penalties the Court may impose, including the maximum penalty, in addition to forfeiture and restitution, if applicable.

5.  Defendant also acknowledged that he understood the Sentencing Guidelines and that he had discussed with his attorney the applicable guidelines range, as well as applicable departures.

---

[1] Defendant executed a Waiver of Indictment on November 21, 2022. [ECF No. 2].

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 24]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfied all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties entered into a written Plea Agreement that was thereafter filed with the Court. [ECF No. 25]. The Plea Agreement includes certain terms agreed to by the parties.

9. I reviewed the terms of the Plea Agreement on the record, including the following: Defendant will plead guilty to the charges in the Information; Defendant shall pay restitution; the Government will recommend at sentencing a two level reduction to Defendant's base offense level under Section 3E1.1(a) of the Sentencing Guidelines based on Defendant's acceptance of responsibility as long as he complies with the obligations set forth in the Plea Agreement; if at the time of sentencing Defendant's offense level is determined to be 16 or greater, the Government has agreed to file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's assistance during the prosecution of his offense. The parties further agreed to jointly recommend that the Court find Defendant's base offense level is seven (7), in accordance with Section 2B1.1(a)(1) of the Sentencing Guidelines; however, the parties reserved the right to present argument regarding the applicable increased guideline levels as

follows: it is the Government's position that Defendant's offense level should be increased by 10 levels pursuant to Section 2B1.1(b)(1)(F) of the Sentencing Guidelines because the loss amount to the victim was more than $150,000.01 but less than $250,000, whereas Defendant's position is that his offense level should be increased by 6 levels pursuant to Section 2B1.1(b)(1)(D) of the Sentencing Guidelines because the loss amount to the victim was between $40,000.01 and $95,000. The parties agreed they will not seek any other enhancements or reductions under the Sentencing Guidelines.

10. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

11. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

12. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the charges in the Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

13. A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing hearing has been set by separate order. [ECF No. 26].

The parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the

United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 17th day of January, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record